**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 97-60842
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

MICHAEL ALEXANDER, also known as Sneaky, also known as,
Lowlow, also known as Anthony Johnson

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Mississippi
(3:97-CR-39-ALL-WN)

August 3, 1998

Before WISDOM, JONES, and E. GARZA, Circuit Judges.

PER CURIAM:[*]

A jury convicted Michael Alexander of armed carjacking, in violation of 18 U.S.C. § 2119. He was 16 years old when he committed the offense. The district court sentenced him to an 84-month term of imprisonment. Alexander timely filed this appeal in which he alleges three assignments of error: (1) the district court

---

[*]Under 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except in the limited circumstances set forth in 5TH CIR. R. 47.5.4.

erred by certifying him as an adult for prosecution; (2) the district court erred by admitting his confession into evidence without first conducting an evidentiary hearing to determine its voluntariness; and (3) his confession was not sufficiently corroborated by other evidence. None of Alexander's arguments is persuasive. We affirm.

We review the district court's decision to transfer Alexander for adult prosecution for abuse of discretion, provided that the court made specific findings with respect to certain criteria.[2] Title 18 U.S.C. § 5032 requires the district court to consider the following factors before transferring a juvenile for adult prosecution: (1) the juvenile's age and social background; (2) the nature of the alleged offense; (3) the extent and nature of the juvenile's prior delinquency record; (4) the juvenile's present intellectual development and psychological maturity; (5) the nature of past treatment efforts and the juvenile's response to such efforts; and (6) the availability of programs designed to treat the juvenile's behavioral problems. In the case at bar, the district court made specific findings with respect to all six factors. Especially in light of the seriousness of the crime with which Alexander was charged, we cannot say that the district court abused its discretion in granting the government's transfer motion.

Alexander did not challenge the voluntariness of his

---

[2] *United States v. Bilbo*, 19 F.3d 912, 915 (5th Cir. 1994).

2

confession in the district court.  Accordingly, we review his argument that the district court erred by failing to <u>sua sponte</u> conduct a hearing on the issue of the voluntariness of his confession for plain error.[3]  The district court did not commit error, plain or otherwise.  It would have been required to conduct a hearing <u>sua sponte</u> only if "the evidence raised a genuine issue of voluntariness."[4]  It clearly did not.  When Alexander testified at his transfer hearing, he plainly admitted during cross-examination that he confessed by his own free will.

Finally, we will not disturb the jury's verdict if a rational trier of fact could have found Alexander guilty beyond a reasonable doubt.[5]  At trial, the government adduced considerable evidence that corroborated Alexander's confession.[6]  The victim identified Alexander as the man that stole his black Lexus automobile at gunpoint, and Alexander's cousin testified that he witnessed Alexander driving a black Lexus on the same morning that the crime took place.  Alexander's conviction is more than amply supported by the evidence.

AFFIRMED.

---

[3] <u>See</u> *United States v. Iwegbu*, 6 F.3d 272, 274 (5th Cir. 1993).

[4] <u>Id</u>.

[5] *United States v. Kelley*, 140 F.3d 596, 607 (5th Cir. 1998).

[6] <u>See</u> *United States v. Garth*, 773 F.2d 1469, 1479 (5th Cir. 1985).